IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-35-D

UNITED STATES OF AMERICA    )
                            )
                            )
                            )
v.                          )           **ORDER**
                            )
BRANDON DARRIS LOCKLEAR,    )
                            )
        Defendant.          )

On March 19, 2021, Brandon Darris Locklear ("Locklear" or "defendant") moved pro se for

compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b),

132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed exhibits in

support [D.E. 701]. On April 18, 2021, Locklear, through counsel, filed a memorandum and exhibits

in support [D.E. 705]. On May 11, 2021, the United States responded in opposition [D.E. 710] and

filed medical records in support [D.E. 711]. As explained below, the court denies Locklear's

motion.

I.

On August 21, 2017, pursuant to a written plea agreement, Locklear pleaded guilty to

conspiracy to distribute and possess with intent to distribute marijuana, cocaine base (crack), and

cocaine. See [D.E. 18, 205, 209]. On February 7, 2018, the court held a sentencing hearing and

adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 354, 370,

371]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Locklear's total offense level to be 31,

his criminal history category to be II, and his advisory guideline range to be 121 to 151 months'

imprisonment. See [D.E. 371] 1. After granting the government's downward departure motion and

thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Locklear to 60 months' imprisonment. See id. at 2; [D.E. 370] 2. Locklear did not appeal.

On October 7, 2019, Locklear moved to correct his PSR [D.E. 579]. On April 6, 2020, the court dismissed Locklear's motion [D.E. 608].

II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine "that the defendant is not a danger to the safety of any other person or the community." Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements issued by the" United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious

2

medical conditions of the defendant, (B) advanced age of the defendant when coupled with "a serious deterioration in physical and mental health" due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.   Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A)   Medical Condition of the Defendant.—

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

         (I) suffering from a serious physical or medical condition,

         (II) suffering from a serious functional or cognitive impairment, or

         (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C)   Family Circumstances.—

3

"an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), petition for cert. docketed, (U.S. Sept. 8, 2021) (No. 21-5624); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "U.S.S.G. § 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides

---

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis omitted).

4

informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–09 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On April 2, 2020, Locklear submitted a request for home confinement. Cf. [D.E. 701]; [D.E. 701-1] 1. On April 8, 2020, a case manager denied Locklear's request. See [D.E. 701-1] 1. On July 2, 2020, Locklear appealed the decision. See id. at 2. On September 4, 2020, the warden denied Locklear's appeal. See id. at 4. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020). Accordingly, the court addresses Locklear's motion on the merits.

Locklear seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Locklear cites the COVID-19 pandemic and his diabetes, high BMI, and lower back and leg pain. See [D.E. 705] 6. Locklear also cites the conditions at FCI Bennettsville, his rehabilitation efforts, his release plan, and that he has served over 50% of his sentence. See id. at 7–8; [D.E. 701-1] 2–3, 6–10; [D.E. 703]; [D.E. 705-1].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Locklear states that

5

he suffers from diabetes, a high BMI, and lower back and leg pain, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Locklear serves his sentence. Moreover, Locklear is vaccinated against COVID-19, reducing his risk of serious infection. See [D.E. 711] 66–67; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Accordingly, reducing Locklear's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Locklear's medical conditions, his rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Locklear's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Locklear is 40 years old and engaged in very serious criminal behavior from at least 2010 until 2017. See PSR [D.E. 325] ¶¶ 25–80. As a participant in an extensive drug trafficking conspiracy, Locklear distributed at least 4,086.936 kilograms of marijuana, 6 kilograms of cocaine, and 255.15 grams of crack cocaine. See id. ¶ 80. Locklear possessed multiple firearms, including an assault rifle with a high capacity magazine, in furtherance of his drug trafficking activities. See id. ¶¶ 48, 80. Locklear is a recidivist with convictions for carrying a concealed gun and driving

6

Case 7:17-cr-00035-D   Document 727   Filed 10/07/21   Page 6 of 8

while impaired. See id. ¶¶ 85–88. Nonetheless, Locklear has taken some positive steps while incarcerated and has not incurred any infractions. See [D.E. 701-1] 2, 6–10; [D.E. 705] 7; [D.E. 705-1].

The court has considered Locklear's potential exposure to COVID-19, his vaccination status, his medical conditions, rehabilitation efforts, and release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Locklear, the section 3553(a) factors, Locklear's arguments, the government's persuasive response, and the need to punish Locklear for his serious and prolonged criminal behavior, to incapacitate Locklear, to promote respect for the law, to deter others, and to protect society, the court denies Locklear's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Locklear's request for home confinement, see [D.E. 701, 705], Locklear apparently seeks relief under the CARES Act. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1–2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Locklear's request for home confinement.

7

## III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 701] and DISMISSES his request for home confinement.

SO ORDERED. This _7_ day of October, 2021.

JAMES C. DEVER III
United States District Judge

**8**